KARA L. GERVAÍS, ESQ. (State Bar No. 217134)
**GERVAIS LAW**
10636 Scripps Summit Court, Suite 142
San Diego, CA 92131
Phone (858) 549-1071
Fax (858) 549-1743

Attorneys for Tervon LLC, Sunyata and Eleanor Little and Mario Gutierrez

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERVON, LLC, a California limited liability company, SUNYATA K. LITTLE and ELEANOR E. LITTLE, individuals; and MARIO GUTIERREZ, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas corporation, JANI-KING INTERNATIONAL, INC., a Texas corporation; and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 3:14-CV-00367-BAS-JMA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 12(b)(6) and 9(B) MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**;<br><br>Hearing Date: To be re-assigned (originally set for June 2, 2014)<br>Time: To be re-assigned<br>Judge: Hon. Cynthia A. Bashant<br>Magistrate: Hon. Jan M. Adler |

///

///

## TABLE OF CONTENTS

I. INTRODUCTION.......... 1

II. ARGUMENTS AND AUTHORITIES.......... 1

A. The Fourth and Fifth Causes of Action for Breach of Contract are Sufficiently Plead and state Valid Causes of Action.......... 2

1. Breach of Franchise Agreements.......... 2
2. Breach of Lease.......... 3

B. Because the Breach of Contract Claims are Validly Plead, the Breach of Good Faith and Fair Dealing Cause of Action Should not be Dismissed.......... 4

C. Plaintiffs' First and Second Causes of Action for Fraud are Validly and Sufficiently Plead.......... 4

1. Defendants' reliance on the economic loss rule is misplaced.......... 6

D. Plaintiffs' Third Cause of Action for Negligent Misrepresentation is Sufficiently Plead.......... 7

E. Plaintiffs' Seventh Cause of Action for violations of California's Business and Professions Code § 17200 complies with pleading requirements.......... 8

1. Because Plaintiffs' other Causes of Action are valid and sufficiently plead, the UCL claim is not subject to dismissal.......... 8
2. Plaintiffs properly allege "unfair" conduct.......... 8
3. Plaintiff properly allege "fraudulent" conduct.......... 10

F. Plaintiffs' Amended Complaint sets forth sufficient facts to establish the Eighth Cause of Action for Intentional Infliction of Emotional Distress.......... 11

G. Plaintiffs Ninth Cause of Action for Declaratory Relief is particularly plead and requests relief not addressed in the other substantive causes of action. .......... 11

III. CONCLUSION .......... 12

**TABLE OF AUTHORTIES**

FEDERAL COURT CASES Page(s)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)………………….. 1

*Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. Cal. 2001) …………………………………... 4

*Chanthavong v. Aurora Loan Servs.*, WL 6012353 at *29 (E.D. Cal. 2011) ……………………………………… 11

*Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012)……………………………………... 8

*Decker v. Glenfed, Inc. (In re Glenfed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994)………………………………………… 4

*Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005)………………….. 1

*Fimbres v. Chapel Mortg. Cop.*, No. 09-cv-0886-IED, 2009 U.S. Dist. LEXIS 109261, 2009 WL 416332, at *5 (S.D. Cal. 2009)…………………………………………………………….. 11

*Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc.*, 868 F. Supp. 2d 983, 992 (E.D. Cal. 2012)………………………………… 6, 7

*Lozano v. AT&T Wireless Servs.*, 504 F.3d 718 (9th Cir. 2007)…………………………………………….... 9

*Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1075 (C.D. Cal. 2003)……………………………… 9

*Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)……………………………………………….. 4

*Ros v. U.S. Bank, N.A.*, 2013 WL 3190684 (S.D. Cal 2013)……………………………………... 8

*Starr v. Baca*, 652 F.3d 1202, 1216, 2011 U.S. App. LEXIS 15283 (9th Cir. Cal. 2011)… 2

*Treefrog Developments Inc. v. Seido, Inc.*, 2013 WL 4028096 (S.D. Cal. 2013)…………………………………….. 8, 9

CALIFORNIA STATE COURT CASES

*Bank of the West v. Superior Court*, 2 Cal. 4th. 124, 126 (1992)………………………………………………… 10

*Cel-Tech Comms. Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527, 541 (1999)………… 8, 9

*Erlich v. Menezes*, 21 Cal. 4th 543, 552, 87 Cal. Rptr. 2d 886, 981 P.2d 978 (1999)………… 6

*Klein v. Earth Elements, Inc*. 59 Cal. App. 4th 965, 970 (1997)……………………………………….. 9

*People v. Casa Blanca Convalescent Homes, Inc*.
159 Cal. App. 3d 509, 530 (1984)………………………………………….. 9
*Robinson Helicopter Co., Inc. v. Dana Corp.*,
34 Cal.4th 979, 989-90, 102 P.3d 268, 273 (2004)……………………… 6
*Saunders v. Superior Court*,
27 Cal. App. 4th 832, 839 (1994)……………………………………….. 10
*South Bay Chevrolet v. General Motors Acceptance Corp.*,
85 Cal. Rptr. 2d 301, 317 (1999)……………………………………... 10

STATUTES

California's Business and Professions Code §17200…………………………… 8

Federal Rules of Civil Procedure, Rule 8(a)……………………………………. 1

Plaintiffs TERVON, LLC, ("Tervon"), SUNYATA K. LITTLE and ELEANOR E. LITTLE ("Little") and MARIO GUTIERREZ ("Gutierrez") (collectively "Plaintiffs") hereby submit the following Opposition to Defendant Jani-King International, Inc. ("Jani-King International") and Jani-King of California ("Jani-King California") (collectively "Defendants") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(B) as follows:

## I. INTRODUCTION

Plaintiffs' Amended Complaint, filed on March 18, 2014, asserts nine (9) causes of action against Defendants. The nine causes of action relate to Defendants' alleged unlawful business practices, fraudulent and/or negligent misrepresentations, breach of (several different) contracts, intentional infliction of emotional distress and declaratory relief. In summary, Plaintiffs allege that Defendants fail to comply with their own Franchise Agreement and Equipment Lease contracts, that they engage in a series of systematic unlawful business practices and that they intentionally misled Plaintiffs and lied to them in order to induce Plaintiffs into accepting the Qualcomm cleaning account.

## II. ARUGUMENT AND AUTHORITIES

Under the Federal Rules of Civil Procedure, Rule 8(a) provides, in relevant part:

*(a) Claim for Relief. A pleading that states a claim for relief must contain:*

…

*(2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]*

While the language of Rule 8(a) has not changed since 1938 and Rule 8(a) has historically been interpreted to require "notice pleading" only, several cases have since required a higher pleading standard. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). However, the principles common to all of these cases are that (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give

fair notice and to enable the opposing party to defend itself effectively and (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr v. Baca*, 652 F.3d 1202, 1216, 2011 U.S. App. LEXIS 15283 (9th Cir. Cal. 2011)

For the most part, Defendants' 12(b)(6) and Rule (9) motion appears to attack the Amended Complaint based on the premise that Plaintiffs have not provided the "who" "what" "when" "where" and "how" information related to their claims.

However, Defendants are completing ignoring the more than nine (9) pages of factual allegations contained in the Amended Complaint which are incorporated into each cause of action. Plaintiffs therefore did not simply recite formulaic elements of each cause of action; each cause of action is centered around a very lengthy and specific set of factual allegations which more than suffice that both give fair notice to Defendants enabling them to defend themselves and establishing Plaintiffs' entitlement to relief. Therefore, Defendants' Motion to Dismiss is nothing more than the proverbial "file the motion just to file the motion" action and is a waste of this Court's time.

**A. The Fourth and Fifth Causes of Action for Breach of Contract are Sufficiently Plead and state Valid Causes of Action.**

(1) Breach of Franchise Agreements.

Defendant Jani-King of California confusingly alleges that the Breach of Contract claim somehow does not explain which specific wrongdoing breached which exact contractual term, and how. Defendant is incorrect on many levels.

The Fourth Cause of Action very clearly (i) states the specific contractual provisions of the Franchise Agreement which are alleged to have been breached (Paragraph 96) and (ii) states the alleged breaches of those provisions (Paragraph 98). Defendants also ignore the additional factual allegations contained in Paragraphs 16-63. It is unclear how Defendants expect Plaintiffs to explain "how" Defendants failed to do something. For example, Plaintiffs claim that the Franchise Agreement at Section 6.6 requires Defendant "to provide additional training and support for Franchisee." (Paragraph 96). Plaintiff then alleges that Defendant breached this

provision by "failing to provide Plaintiffs with training which was mandated by Jani-King's contract with the City." (Paragraph 98). But Defendants' motion somehow argues that Plaintiffs are supposed to allege how Defendants failed to train Plaintiffs. If they failed to provide any training, how can one explain how? This doesn't make sense.

Defendants also claim that somehow Plaintiffs contradicted themselves in the Amended Complaint which would (presumably) result in a reason to dismiss this entire cause of action. However, it appears that the Defendants have not even read the Amended Complaint correctly. First, Defendants claim that Plaintiffs alleged that a representative from Jani-King International became involved to assist Plaintiffs with the Qualcomm Account. There is no such allegation. Paragraphs 37, 76 and 87 (referenced in Defendants' own motion) actually state that a representative from Jani-King International was sent to oversee the Qualcomm matter and continued to misrepresent the viability of the account. This was not "assisting Plaintiffs" in any way.

Second, Defendants also ignore Paragraph 41 wherein Plaintiffs claim that the purported "assistance" provided by other individuals actually resulted in further damages to Plaintiffs.

Defendants are grasping for straws in order to challenge these causes of action as they know they have no basis to do so. The required elements of a breach of contract cause of action were validly plead, as were the required factual allegations.

(2) Breach of Lease

Again, Defendant Jani-King of California's arguments in this section make no sense. In the Amended Complaint, Plaintiff Gutierrez clearly points to the provision in the Lease Agreement(s) which states that Defendant is required to provide "termination liability on an early termination basis." (Paragraph 106, Exhibit 4). Plaintiff Gutierrez then clearly alleges that Defendant failed to provide Plaintiff with any information regarding Plaintiff's early termination liability, nor provided him with any accounting or appraisal of the equipment after Jani-King accepted the equipment back from Plaintiff.

But Defendants again state that Plaintiff is somehow required to explain "how" Defendant failed to do something. Again, this does not make sense.

Defendant also incorrectly claims that Plaintiff Gutierrez presents no specific allegations regarding how he has suffered damages. Again, the Amended Complaint clearly states, at Paragraphs 53, 105, 106 and 108 that Defendant is continuing to improperly charge Plaintiff Gutierrez fees for the equipment of which he is no longer in possession.

As such, the Fifth Cause of Action was validly plead and should not be dismissed.

**B. Because the Breach of Contract Claims are Validly Plead, the Breach of Good Faith and Fair Dealing Cause of Action Should not be Dismissed.**

Defendants' only challenge to the Sixth Cause of Action is based on their claim that Plaintiffs failed to state a cognizable claim for breach of contract. As stated above and herein, Plaintiffs have stated viable claims for both of Breach of Contract claims and therefore, the Breach of Covenant for Good Faith and Fair dealing cause of action should not be dismissed.

**C. Plaintiffs' First and Second Causes of Action for Fraud are Validly and Sufficiently Plead.**

Defendants claim that Plaintiffs failed the heightened pleading requirement for fraud under Federal Rule of Civil Procedure 9(B) by allegedly omitting the "who" "what" "when" "where" and "how" allegations. However, again, it appears that Defendants failed to even read the Amended Complaint in its entirety.

Rule 9(B) demands that the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. Cal 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). Further, a plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc. (In re Glenfed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994).

The Amended Complaint more than complies with these requirements.

Paragraphs 21 and 22 set forth facts and allegations which establish that Defendants knew its bid submitted to the City was underbid (and only included charges for a two day post clean). Paragraphs 28-30 establish that, despite Defendants' knowledge of the underbid, it represented

certain financial information to Plaintiffs as to the Qualcomm accounts' "profitability" knowing this information was false (and knowing that the information being presented to Plaintiffs was for three days of post clean). Paragraph 31 sets forth that Plaintiffs relied on the information presented to them by Defendants for them to agree to take the Qualcomm account. Paragraphs 36 to 46 describe the significant losses sustained by the Plaintiffs as a result of Defendants' action. Furthermore, Paragraphs 64-83, representing the First and Second Causes of Action, provide the same detailed accounts of the "who" "what" when" "where" and "how" the Plaintiffs are entitled to the relief requested. Thus, the allegation that these causes of action are not plead with specificity is nonsense.

Defendants also try to claim that not all Plaintiffs attended the June 22, 2013 meeting, which would then presumably negate the "reliance" prong of fraud. However, Defendants' apparently misread the Amended Complaint. The Amended Complaint is clear that Plaintiff Little was in fact, at the June 22 meeting and that Salvador Guiterrez was present and authorized by Plaintiff Gutierrez to be present at this meeting (Paragraph 27). As a result, this argument has no merit.

Defendants next try to claim that Jani-King International's mere presence at the September 4, 2012 meeting forms the only basis of the fraud claim against Jani-King International and is therefore not sufficient. This is also incorrect. The Amended Complaint is clear that Plaintiffs were informed that Sean Ayres, from "corporate" was brought in to keep apprised of the Qualcomm matter (Paragraph 38). Subsequently, Plaintiffs were informed that after consulting with "corporate," that a new "task based" approach to the Qualcomm account would be taken. (Paragraph 40). At this time, Defendants still represented to Plaintiffs that the Qualcomm account was profitable, which Plaintiffs allege just continued to perpetuate the fraud (Paragraphs 40, 67, 68 and 69). Therefore, it was the continued actions by all Defendants that form the basis of the fraud causes of action, not the mere presence at the September 4, 2012 meeting as Defendants allege.

Thus, because Plaintiffs' fraud causes of action were plead with the sufficient particularity, they are not subject to dismissal under Rule 9(b).

(1) <u>Defendants' reliance on the economic loss rule is misplaced</u>.

While Defendants' arguments on this issue are not entirely clear, it appears that they are arguing that Plaintiffs' fraud and breach of contract claims arise from the same set of facts and therefore the fraud claims should be dismissed.   Defendants' analysis is incorrect on at least two levels.

First, Plaintiffs' Breach of Contract (Franchise Agreement) cause of action includes many claims that are <u>independent</u> of the fraud claims asserted.  For instance, Plaintiffs claim (in Paragraph 98) that they were not afforded proper training, that Defendants failed to provide proper accounting for the fees charged to Plaintiffs and that Defendant failed to provide information and improperly charged Plaintiffs related to equipment leasing.  None of these facts or allegations are contained or form the basis for the fraud causes of action.  As a result, the damages incurred by Plaintiffs for these alleged breaches of the Franchise Agreements would be wholly separate from the damages claimed in the fraud causes of action.

Second, even if some of the facts alleged in the fraud causes of action also correspond to the breach of contract action, the fraud allegations are separate, independent allegations.  Under California law, to maintain a fraud claim based on the same factual allegations as a breach of contract claim, a plaintiff must show that "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Foster Poultry Farms v. Alkar-Rapidpak-MP Equipment, Inc*., 868 F. Supp. 2d 983, 992 (E.D. Cal. 2012), (citing *Robinson Helicopter*, 34 Cal.4th 979 at 989-90, 102 P.3d at 268, 273 (2004) and *Erlich v. Menezes*, 21 Cal. 4th 543, 552, 87 Cal. Rptr. 2d 886, 981 P.2d 978 (1999)).  Here, Plaintiffs have alleged both:  Defendants' actions related to inducing Plaintiffs to enter into the Qualcomm account were both intentional and intended to harm Plaintiffs.

While Defendants' rely on *Foster Poultry* is their motion, Defendants completely ignore the part of the opinion that is crucially applicable to the issues presented here.  In *Foster Poultry*, the Court acknowledged that courts have declined to apply the economic loss rule in cases where a false statement causes a party to enter a contract (i.e. the fraudulent inducement exception). *Id*. at 992.  In *Foster Poultry*, the Court declined to entertain this exception because the contract

Foster Farms claimed it was "induced" into entering was the same contract(s) alleged to have been breached in its breach of contract causes of action. *Id*. at 994. Therefore, the fraud and breach of contracts claims and damages merged. ***However, this is not the case here***.

In the present matter, Plaintiffs have alleged, in Paragraphs 28-30, that Defendants presented certain information to Plaintiffs regarding the Qualcomm account that the Defendants knew was false (Paragraph 66) in an attempt to induce Plaintiffs into entering into the Qualcomm account contracts. In reliance on the false information, Plaintiffs did, in fact, enter into the Qualcomm account contracts (Paragraph 31).

Therefore, the fraudulent and false statements and actions alleged in the Amended Complaint were alleged to have been made to induce Plaintiffs to enter into separate, independent contracts (from the contract referenced in the breach of contract causes of action), i.e. the Qualcomm contracts.

Defendants' own flawed analysis and question (page 12, lines 15-21) regarding how Defendants' alleged actions could have induced Plaintiffs into the *Franchise Agreements* really answers its own question. They did not. Defendants' fraudulent actions induced Plaintiffs to enter into the Qualcomm contracts, thus resulting in the set of independent and separate allegations of facts and damages incurred. Thus, under the fraudulent inducement exception alone, Plaintiffs' claims for fraud are not barred by the economic loss rule and thus not subject to dismissal.

**D. Plaintiffs' Third Cause of Action for Negligent Misrepresentation is Sufficiently Plead.**

Just as Plaintiffs' claims for fraud are sufficiently and particularly plead, so is the cause of action for negligent misrepresentation. Again, Defendant ignore the extensive facts alleged in the Amended Complaint at Paragraphs 16-63. Plaintiffs go into extensive detail about what representations were made (Paragraphs 28-30), that Plaintiffs relied on the representations (Paragraph 31) and why Defendants knew, or should have known, that the information presented was false (Paragraphs 86-88). Further, Defendants continue to misread the Amended Complaint about who was present at the June 22, 2012 meeting. Thus, Plaintiffs have sufficiently and

particularly plead the necessary facts and allegations to support this cause of action and therefore, it is not subject to dismissal.

Further, pursuant to the discussion above regarding the inapplicability of the economic loss rule as it relates to the set of circumstances and allegations set forth in the Amended Complaint, the negligent misrepresentation cause of action is also not subject to dismissal under this theory. The facts alleged are separate and independent from those set forth in the breach of contract action and involve an inducement to have Plaintiffs enter into the separate Qualcomm contracts, which they did.

**E. Plaintiffs' Seventh Cause of Action for violations of California's Business and Professions Code § 17200 complies with pleading requirements.**

1. Because Plaintiffs' other Causes of Action are valid and sufficiently plead, the UCL claim is not subject to dismissal.

As Defendants noted, a UCL claim is "dependent on the substantive causes of action" in the complaint." *Ros v. U.S. Bank, N.A.* 2013 WL 3190684 (S.D. Cal 2013). As a result, because Plaintiffs other causes of action are not subject to dismissal, neither should the UCL claim.

2. Plaintiffs properly allege "unfair" conduct.

California's Business and Professions Code §17200 ("UCL") prohibits "unfair competition," which is broadly defined to include "three varieties of unfair competition — acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Comms. Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548, 973 P.2d 527, 541 (1999). Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012).

As a preliminary matter, Defendants allege that a UCL case must allege injury to competition itself and allege that because Plaintiffs and Defendants are not "competitors" the UCL claim should be dismissed (Defendants' motion, page 15, lines 22-24). Defendants' motion cites *Treefrog Developments Inc. v. Seido, Inc*. for this proposition.

However, the plaintiff and defendant in *Treefrog* were competitors and the analysis of that case was based on the decision in *Cel-Tech, supra*. In analyzing the "unfair" prong, the California Supreme Court in *Cel-Tech*, held that the word "unfair" means: "conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Comm., Inc.*, 20 Cal. 4th at 187. The test annunciated in *Cel-Tech*, however, applies only to cases between direct competitors, not all "commercial" cases. *Nat'l Rural Telcoms. Coop. v. DIRECTV, Inc*., 319 F. Supp. 2d 1059, 1075 (C.D. Cal of Cal. 2003). Since the decision in *Cel-Tech*, California courts have not settled on how to determine "unfair" in the *non*-competitor context. 1

Here, it appears Defendants' only challenge to the "unfair" prong is based on the argument above, i.e. that because Defendants and Plaintiffs are not competitors, this prong is not satisfied. However, as noted above, many courts have declined to apply this legal standard in cases between non-competitors.

An "unfair" business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious." *People v. Casa Blanca Convalescent Homes, Inc*. 159 Cal. App. 3d 509, 530 (1984). In general, the unfairness prong has been used to enjoin deceptive or sharp practices. *Klein v. Earth Elements, Inc*. 59 Cal. App. 4th 965, 970 (1997).

Here, Plaintiffs have plead, with specificity, numerous immoral, unethical, oppressive and unscrupulous actions on behalf of Defendants. In addition to the fraudulent conduct, discussed below (which Plaintiffs also maintain would be considered "unfair" under this prong), Plaintiffs

---

1 See *Lozano v. AT&T Wireless Servs*., 504 F.3d 718 (9th Cir. 2007) stating: "In the First District Court of Appeals, the court extended the *Cel-Tech* definition to consumer cases. *See Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 128 Cal.Rptr.2d 389 (Cal. Ct. App. 2002). The Fourth District Court of Appeals initially proposed a test along the lines of *Cel-Tech* but later avoided the question by dismissing the claim under both the old and the new standard. *See Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 39 Cal.Rptr. 3d 634, 636 (Cal. Ct. App. 2006); *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 134 Cal.Rptr.2d 101 (Cal. Ct. App. 2003). The Second District Court of Appeals has issued two conflicting decisions, one applying the old balancing test, *see McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 49 Cal.Rptr. 3d 227, 238 (Cal. Ct. App. 2006), and another, issued during the same week, holding that *Cel-Tech* overruled all prior definitions of unfairness and created a new test, *see Camacho v. Automobile Club of Southern California*, 142 Cal. App. 4th 1394, 48 Cal.Rptr. 3d 770, 776 (Cal. Ct. App. 2006). In *Camacho*, the court chose to apply the three-pronged test contained in the Federal Trade Commission Act, 15 U.S.C. § 45(a)."

also alleged in the Amended Complaint that Defendants continuously charged Plaintiffs with excessive and unwarranted fees, (including, in Plaintiff Gutierrez' case, for leased equipment that Defendant took possession of), (Paragraph 117 (l) and (n). Furthermore, even more unethical and unscrupulous is that Defendants required Plaintiffs to pay third parties for time spent working on the Qualcomm account, even though those individuals did not even work for Plaintiffs at the time those services were provided (and prior to Plaintiffs even accepting the Qualcomm account (Paragraph 117 (m)). So, in essence, Defendants were improperly having personnel work at Qualcomm without being hired or under contract with any party and then forced Plaintiffs to pay these third parties. These actions certainly fulfill the "unfairness" prong of a UCL claim.

3. Plaintiff properly allege "fraudulent" conduct.

In a UCL claim, "fraudulent" does not refer to the common law tort of fraud but only requires a showing that members of the public "are likely to be deceived." *South Bay Chevrolet v. General Motors Acceptance Corp*., 85 Cal. Rptr. 2d 301, 317 (1999) quoting *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 839 (1994) and *Bank of the West v. Superior Court*, 2 Cal. 4th. 124, 126 (1992). This means that a section 17200 violation, unlike common law fraud, can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. *South Bay Chevrolet*, *supra* at 317.

Here, Plaintiffs allege sufficient fraudulent conduct to comply with this UCL prong as well. Plaintiffs' allegations in the Amended Complaint detail the requirements that Defendants were required to comply with when submitting its bid to the City of San Diego for the Qualcomm account (Paragraphs 23, 24 and 25). Plaintiffs allege that Defendants failed to comply with these requirements (Paragraphs 32, 33 and 34) and that by submitting its bid to the City of San Diego and then not fulfilling the requirements, Defendants not only deceived Plaintiffs, but the City of San Diego and the members of the public in general by representing that certain actions would be taken with respect to the cleaning of Qualcomm stadium during these large events (which affect *thousands* of people) (Paragraph 117 (i) through (k)).

Thus, because Plaintiffs have sufficiently alleged conduct which satisfies the "fraudulent" conduct of a UCL claim, this cause of action should not be dismissed.

**F. Plaintiffs' Amended Complaint sets forth sufficient facts to establish the Eighth Cause of Action for Intentional Infliction of Emotional Distress.**

Defendants first make the conclusory statement that damages for emotional distress are not available in actions for breach of contract. However, this is laughable, since Defendants are well aware that Plaintiffs' Amended Complaint alleges additional facts and circumstances that are not rooted in a breach of contract claim. Plaintiffs allege numerous facts which revolve around Defendants' unethical and fraudulent actions.

Further, once again it appears that Defendants have not even read the entire Amended Complaint. Defendants claim that "the Complaint alleges no specific facts whatsoever about the emotional distress…" Plaintiffs refer the Court (and Defendants) specifically to Paragraphs 44 and 45 (also specifically referenced in the Eighth Cause of Action) which detail the experiences and circumstances under which Plaintiffs suffered. While Defendants may wish to characterize this as an "ordinary commercial contract" case, it is far from it. Defendants' actions resulted in serious emotional and economic stress to Plaintiffs, due to the inability to pay their employees and the resulting distrust they endured and complaints received from their employees caused by Defendants' actions.

Because Plaintiffs have set forth sufficient facts to establish the Eighth Cause of Action, it should not be dismissed.

**G. Plaintiffs Ninth Cause of Action for Declaratory Relief is particularly plead and requests relief not addressed in the other substantive causes of action.**

Once again, Defendants improperly contend that the Amended Complaint only alleges conclusory, unsupported allegations. To the contrary, Plaintiffs' Ninth Cause of Action for Declaratory Relief clearly sets forth the basis and need for the Court's determination regarding the language in the Franchise Agreements (Paragraph 129). Specifically, it is alleged that the punitive damage restriction is against public policy, as it is facially one-sided because the damages limit is only applicable to the Franchisee. Therefore, Defendants' allegation that Plaintiffs failed to state "why" this provision should be disregarded has no merit.

A federal court may decline to address a claim for declaratory relief where the substantive claims would resolve the issues raised by the declaratory action. *Chanthavong v. Aurora Loan Servs.*, WL 6012353 at *29 (E.D. Cal. 2011) quoting *Fimbres v. Chapel Mortg. Cop.*, No. 09-cv-0886-IED, 2009 U.S. Dist. LEXIS 109261, 2009 WL 416332, at *5 (S.D. Cal. 2009).

Here, the relief sought in the Declaratory Relief action and the relief sought in the other causes of action are not duplicative. In fact, the relief sought in Declaratory Relief must logically be settled before relief could be established in other causes of action. Thus, it only makes sense for Plaintiffs to request a judicial determination, interpretation and declaration from the Court at this time, as to this issue. As a result, this cause of action should not be dismissed.

**III. CONCLUSION**

In light of the foregoing, Defendants have failed to establish that any of the causes of action stated in Plaintiffs' Amended Complaint should be dismissed under either Federal Rule of Civil Procedure Rule 12(b)(6) or Rule 9(B). As a result, Defendants Motion should be denied in its entirety.

In the alternative, in the event the Court finds that any cause of action was not properly plead or lacks specificity, Plaintiffs respectfully request that they be allowed to file an amended complaint.

Respectfully submitted.

Dated: May 15, 2014

**GERVAIS LAW**

Kara L. Gervais, Esq., attorneys for Plaintiffs Tervon LLC, Sunyata and Eleanor Little and Mario Gutierrez

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document [PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 12(b)(6) and 9(B) MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF] was forwarded via electronic mail on the 15th day of May, 2014 to:

Paul Kissel, Esq.
Jonathan P. Geen, Esq.
BORTON PETRINI, LLP
1320 Columbia Street, Suite 210
San Diego, CA 92101

Peter L. Loh, Esq. (OF COUNSEL)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201-4761

/s/ *Kara L. Gervais*

Kara L. Gervais