# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERVON, LLC, *ET AL*.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>JANI-KING OF CALIFORNIA, INC., *ET AL*.,<br><br>　　　　　　　　　　　Defendants. | Case No. 14-cv-00367-BAS(JMA)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On January 15, 2014, plaintiffs Tervon, LLC, Sunyata Little, Eleanor Little, and Mario Gutierrez ("Plaintiffs") commenced this action in San Diego Superior Court asserting claims for fraud, breach of contract, breach of implied covenant of good faith and fair dealing, violation of California Business & Professions Code §§ 17200, *et seq*., intentional infliction of emotional distress, as well as a claim for declaratory relief.  On February 17, 2014, Defendants Jani-King of California and Jani-King International, Inc. removed the matter to federal court based on diversity of citizenship under 28 U.S.C. §§ 1332, 1441, and 1446.

For the following reasons, the Court finds that Defendants' Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citations omitted); *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal.

2004)).

## II.   ANALYSIS

In order to invoke this Court's diversity jurisdiction, Defendants must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); 28 U.S.C. § 1332. "When an action is removed based on diversity, complete diversity must exist at removal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir.1985)). "Federal courts look only to a plaintiff's pleadings to determine removability." *Id.* (citing *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir.1978). "Diversity is generally determined from the face of the complaint." *Id.* (citation omitted).

Here, Defendants have failed to meet their burden of demonstrating there is complete diversity of citizenship, specifically in regards to Plaintiff Tervon, LLC. The citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Id*. Plaintiff's complaint neither identifies the members of Tervon, LLC nor alleges their citizenship. (ECF No. 1, Appendix at p.2.) The complaint simply states "Tervon, LLC…is a California limited liability company with its princip[al] place of business in San Diego, California." (*Id*.) In their Notice of Removal, Defendants assert that "Plaintiff Tervon, LLC is now, and was at the commencement of this action, a California *corporation* with its principal place of business in California." (ECF No. 1 at p. 2 (emphasis added).) Not only does this statement fail to reflect the allegations in the complaint, but it does not sufficiently allege Tervon, LLC's citizenship. Defendants have therefore failed to satisfy their burden of showing complete diversity between the parties.

///

## III. CONCLUSION & ORDER

Defendants have failed to meet their burden of establishing this Court's jurisdiction under 28 U.S.C. § 1332. Therefore, this Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

DATED: September 25, 2014

Hon. Cynthia Bashant
United States District Judge